**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ALBERTO MEDINA,** | **CASE NO. 1:17-CV-01884** |
| Petitioner, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| | **MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR.** |
| **WARDEN CHARMAINE BRACY,** | |
| Respondent. | **MEMORANDUM OF OPINION AND ORDER** |

This matter comes before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr. (Doc. No. 19), which recommends denying the Amended Petition for Writ of Habeas Corpus ("Amended Petition") (Doc. No. 18) of Petitioner Alberto Medina ("Petitioner").  Petitioner filed Objections to the R&R (Doc. No. 28), to which Respondent Warden Charmaine Bracy ("Respondent") did not reply.  For the following reasons, the Court declines to adopt the R&R and recommits the matter to the Magistrate Judge.

In September 2017, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") in this Court. (Doc. No. 1.)  Shortly thereafter, the Magistrate Judge issued an Order to Show Cause setting a briefing schedule, and Respondent filed a Return of Writ on December 20, 2017. (Doc. Nos. 3, 9.)  In response, Petitioner filed a Motion for Leave to Amend his Petition. (Doc. No. 12.)  On May 15, 2018, the Magistrate Judge granted Petitioner's Motion for Leave to Amend his Petition, and, on May 24, 2018, Petitioner filed his Amended Petition. (Doc. Nos. 15, 18.)  On October 31, 2018, the Magistrate Judge then issued an R&R, which recommends denying the Amended Petition. (Doc. No. 19.)

In his Objections, Petitioner contends he was denied the opportunity to reply to the arguments set forth in Respondent's Return of Writ. (Doc. No. 28 at 2-3.) Petitioner points out that after he filed his Amended Petition, the Magistrate Judge did not issue any orders regarding the filing of an amended return of writ or the time in which Petitioner had to file a traverse. (*Id.* at 2.) As such, Petitioner asserts that the R&R was issued prematurely because he was not provided an opportunity to file a traverse. (*Id.* at 2-3.) The Court agrees. Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The petitioner may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule." Here, the Magistrate Judge did not set a time for Petitioner to file his traverse. Further, the Advisory Committee Notes to Rule 5(e) provide: "The petitioner has a right to file a reply. Subsection (e), added in 2004, removed the discretion of the court to determine whether or not to allow the petitioner to file a reply in a case under § 2254."[1]

Accordingly, this matter is recommitted to the Magistrate Judge for reconsideration to provide Petitioner the opportunity to file a traverse. Respondent shall file an answer/return of writ to the Amended Petition within thirty (30) days of the date of this order, and Petitioner shall have thirty (30) days from the filing of Respondent's answer/return of writ to reply thereto by filing a traverse.

---

[1] The requirement that a petitioner be provided an opportunity to file a traverse is particularly applicable where, as here, procedural default is raised as an affirmative defense. *See Bray v. Warden, Lebanon Corr. Inst.*, No. 3:12–cv–303, 2012 WL 6568382, at *3 (S.D. Ohio Dec. 17, 2012) ("One usual function of an answer is for the State to raise affirmative defenses such as the bar of the statute of limitations, lack of exhaustion, or procedural default. In any habeas case where such defenses are raised in the answer, the petitioner appropriately has an opportunity to respond in the reply or traverse.").

**IT IS SO ORDERED.**

Date: June 5, 2020

        *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE