IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| ALBERTO MEDINA, | ) | CASE NO.1:17-CV-01884 |
| | ) | |
| Petitioner, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN CHARMAINE BRACY, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

## **Introduction**

Before me by referral[1] is the amended *pro se* petition of Alberto Medina for a writ of habeas corpus under 28 U.S.C. § 2254.[2] As was noted in an earlier report and recommendation[3] that was not adopted[4] Medina is now incarcerated by the State of Ohio at the Trumbull Correctional Institution.[5] He is there serving an aggregate sentence of thirty-three years to life in prison imposed in December 2014 by the Cuyahoga County

---

[1] The matter was originally referred to me under Local Rule 72.2 by United States District Judge John R. Adams in a non-document order entered on September 19, 2017. The matter was "recommitted' to me by United States District Judge Pamela A. Barker in a Memorandum Opinion and Order entered June 5, 2010. ECF No. 29.
[2] ECF No. 18.
[3] ECF No. 19.
[4] ECF No. 29.
[5] ECF No. 19 at 1.

1

Court of Common Pleas after Medina pled guilty to one count of aggravated murder with a firearm specification and three counts of endangering children.[6]

For the reasons given below, I will recommend that this petition be dismissed.

## Facts

Neither party nor the District Judge have questioned the background facts nor the underlying procedural history as they were set forth in the first Report and Recommendation. Thus, they will not be restated here.

In his only ground for relief Medina contends that he was deprived of due process, equal protection and the effective assistance of counsel because the trial court did not inform him of his right to appeal the conviction nor of a right to counsel on that appeal, and that trial counsel also failed to similarly inform him of those rights.[7] The State in its amended Return of the Writ[8] argues:

(1) that the claim for relief is non-cognizable, in that Medina was convicted and sentenced pursuant to a guilty plea and that Medina's sole claim concerning lack of notice of appellate filing time is not an assertion that the underlying plea was invalid;[9]

(2) that there is no clearly established federal constitutional right to receive notice of state appellate rights;[10]

(3) that because Medina has not claimed that his plea was invalid, he had no right under Ohio law to appeal from an agreed-upon sentence;[11]

---

[6] *Id*.
[7] *Id*. at 1-2.
[8] ECF No. 30.
[9] *Id*. at 8.
[10] *Id*. at 9-10
[11] *Id*. at 10-11.

(4) that Medina's claim is procedurally defaulted twice – (1) because the direct appeal to the Ohio appeals court, which was submitted as a delayed appeal, was denied by the Ohio appellate court which did not accept Medina's claim of ignorance of appellate rules of timely filing and (2) because Medina's attempt to file a delayed appeal to the Supreme Court of Ohio was denied as being filed 194 days after the judgment being appealed, or well beyond the 45 day period set by Supreme Court rules of practice.[12]

Medina in his traverse[13] contends first that the trial court here violated Ohio Criminal Rule 32 by not notifying him of his right to appeal and of his right to appointed counsel on such appeal, thus invalidating the plea.[14]

## Analysis

*Prior analysis*

I previously recommended that the petition be dismissed as procedurally defaulted.[15] I observed that the record plainly showed that Medina did not file timely appeal to the Ohio appeals court from his conviction and sentence and also observed that his delayed appeal was dismissed.[16] Medina attempted to excuse the delay in filing the direct appeal by claiming that he was ignorant of the time limits for filing an appeal,[17] a situation he claims in the sole ground for relief was due to failures of both his trial counsel and the trial court to inform him of his appellate rights. Even if Medina's stated reason for the untimely filing was correct, I found that there was no prejudice from any such failure of

---

[12] *Id.* at 12-16.
[13] ECF No. 34. No traverse had been filed when the first Report and Recommendation was filed and the recommittal order solely directed that Medina be allowed to file a traverse. ECF No. 29 at 3.
[14] ECF No. 34 at 3.
[15] ECF No. 19 at 2.
[16] *Id.*
[17] *Id.*

3

notice because Ohio law does not permit an appeal from a sentence that was jointly recommended.[18]

Moreover, I observed that even if Medina could show cause and prejudice sufficient to overcome the procedural default before the Ohio appeals court, he cannot overcome the fact that he procedurally defaulted – by an untimely filing – before the Supreme Court of Ohio.[19] I noted that the Ohio appeals court journalized its decision on September 7, 2016, and Medina admits he received notice of that decision on September 14, 2016 – well within the 45 days provided to file an appeal to the Ohio Supreme Court – and yet did not file a motion for a delayed appeal until March 27, 2017, or well beyond the 45 day period for timely filing.[20]

### *Medina traverse*

In the traverse Medina replies to these findings. He first acknowledges, as was pointed out in the original Report and Recommendation, that Ohio law does not permit an appeal from an agreed upon sentence.[21] But, he contends, because he wasn't clearly told that entering his plea meant that he was giving up the right to an appeal or given information as to the time requirements for filing an appeal, his plea was not "knowing" and so invalid.[22] He argues that these defects in the plea process – whether attributable to

---

[18] *Id*. at 3.
[19] *Id*.
[20] *Id*.
[21] ECF No. 34 at 12.
[22] *Id*. at 12-13.

4

his counsel or the trial court - were, in effect, the "cause" for his untimely filing at the Ohio appeals court.

*Discussion*

It is well-settled that a defendant who pleads guilty waives any subsequent claims relating to a deprivation of constitutional rights that occurred prior to the entry of the plea and may only attack the voluntary and knowing character of the plea itself.[23] But a defendant may claim that ineffective assistance of counsel prevented his plea from being voluntary and knowing.[24]

Ohio law provides that the validity of the plea may be either challenged on direct appeal if the grounds for the challenge are apparent on the face of the record[25] or in the trial court by a Criminal Rule 32.1 motion to withdraw the plea if the motion is made before sentencing, before the conviction is affirmed on appeal, or the time to appeal is passed.[26] Alternatively, as will be discussed below, if the claim that counsel's ineffectiveness caused an unknowing or involuntary plea is based on evidence *de hors* the record, such a claim must be raised in a post-conviction petition filed under Ohio Revised Code § 2953.21.[27]

---

[23] *Tollett v. Henderson*, 411 U.S. 255, 267 (1973); *United States v. Stiger*, 20 Fed. App'x 307, 308-09 (6th Cir. 20010 (defendant waived his ineffective assistance of counsel claim by pleading guilty).
[24]*Id*. at 266-67.
[25] *Saur v. Robinson*, 2014 WL 1922848, at *4 (S.D. Ohio May 14, 2014).
[26] *Suttles v. Warden*, 2007 WL 2110498, at *2 (S.D Ohio July 17, 2007); *Matthews v. Jones*, 2015 WL 5457852, at *5 (N.D. Ohio Feb. 10, 2015); *Welly v. Ohio*,2018 WL 6702902, at *7 (N.D. Ohio Nov. 20, 2018).
[27] *Watkins v. Warden*, 2016 WL 3855206 (S.D. Ohio July 15, 2016), report and recommendation adopted, 2016 WL 4394138 (S.D. Ohio Aug. 18, 2016).

That said, Medina never moved the Ohio court under Rule 32.1 to withdraw his guilty plea before sentencing or prior to the sentence being affirmed on appeal. Further, he never filed a post-conviction petition with the trial court under O.R.C. §2953.21. Such a petition can be filed up to 365 days after the trial transcript is filed with the appeals court, or if no appeal is taken, within 365 days after the expiration of the time for filing an appeal.[28] However, failing to either move to withdraw the plea or to file a post-conviction petition, Medina filed a motion for a delayed appeal, arguing, as noted, that trial counsel and the trial court violated his federal due process rights and Ohio Criminal Rule 32(B) by not informing him of a right to appeal.[29]

I note first in that regard that to the extent Medina's claim about what his counsel may or may not have said would require proof from evidence *de hors* the record, the time limit for filing a post-conviction petition has passed, and Ohio courts have repeatedly stated that they lack jurisdiction to entertain an untimely post-conviction petition.[30] Thus, to the degree that Medina's claim needed to be asserted in a post-conviction petition, such a claim would now be procedurally defaulted for federal habeas purposes.[31]

To the extent that Medina asserts that the failures of both trial counsel and the trial court are on the record and so could be properly addressed by the appeal court,[32] he cannot

---

[28] Ohio R.C. § 2953.21(c)(2).
[29] ECF No. 9, Attachment at 62.
[30] Watkins, 2016 WL 3855206, at * 4 (citation omitted).
[31] *Id*.
[32] *Allen v. Sloan*, 2019 WL 5400882, at *8 (N.D. Ohio Aug. 26, 2019) (citations omitted), report and recommendation adopted, 2019 WL 5395230 (N.D. Ohio Oct. 22, 2019) (appellate review is strictly limited to the record).

6

show cause for the untimely filing nor can he establish prejudice from the state appeals court not hearing this claim.[33] First, to the extent that Medina is claiming the trial court violated Ohio Criminal Rule 32(B) by not directly informing Medina of any right to appeal his plea and agreed upon sentence, the State correctly states that this is matter of state law that is not cognizable in a federal habeas proceeding.[34] Moreover, under Ohio law, trial courts have no obligation to inform a defendant of appellate rights from a plea agreement containing an agreed upon sentence.[35]

Here, the trial court did impose the recommended sentence contained in the plea agreement.[36] Thus, in not directly informing Medina of any appellate rights in this matter the trial court, as detailed above, committed no violation of Ohio law and, more importantly, committed no violation of federal constitutional law. Moreover, there can be no ineffectiveness of counsel for failing to do something that was not mandated by either Ohio or federal constitutional law.[37]

Accordingly, Medina cannot show cause for his untimely appeal was because neither his lawyer nor the trial court told him of the appellate filing time requirements,

---

[33] The well-established rubric for determining the presence of a procedural default and for when a default may be excused by a showing of cause and prejudice are set forth in *Sharp v. Warden*, 2011 WL 6960850, at * 15 (S.D. Ohio Dec. 12, 2011), report and recommendation adopted, 2012 WL 32929 (S.D. Ohio Jan. 6, 2012).
[34] *Butler v. Warden*, 483 Fed. Appx. 102, 109 (6th Cir. 2012) (citations omitted); *Thompson v. Sheets*, 2009 WL 2176050, at ** 1-3 (N.D. Ohio July 21, 2009) (citations omitted).
[35] *Thompson*, 2009 WL 2176050, at **1-3.
[36] ECF No. 9, Attachment 2 at 71.
[37] See, *Maples v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1996) (no constitutional ineffectiveness for failing to raise non-meritorious issues).

7

since neither counsel nor the court had any requirement to do so. Similarly, he cannot show prejudice from the Ohio court not addressing the claim since if the court had addressed the claim, they would not have provided the relief Medina sought. Finally, he has not excused the default by a showing of actual innocence.[38]

## Conclusion

For the reasons stated above, I recommend that the pro se petition of Alberto Medina for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed as procedurally defaulted.

IT IS SO RECOMMENDED.

Dated: October 22, 2020
William H. Baughman Jr.
United States Magistrate Judge

---

[38] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[39]

---

[39] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).