## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ALBERTO MEDINA,** | **CASE NO. 1:17-CV-01884** |
| Petitioner, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| | **MAGISTRATE JUDGE** |
| | **WILLIAM H. BAUGHMAN, JR.** |
| **WARDEN CHARMAINE BRACY,** | |
| Respondent. | **MEMORANDUM OF OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation of Magistrate Judge William H. Baughman, Jr. (Doc. No. 37), which recommends denying the Amended Petition for Writ of Habeas Corpus (Doc. No. 18) of Petitioner Alberto Medina ("Medina").  Medina has filed Objections to the Report & Recommendation.  (Doc. No. 40.)  For the following reasons, Medina's Objections (Doc. No. 40) are OVERRULED, the Magistrate Judge's Report & Recommendation (Doc. No. 37) is ADOPTED IN PART, as set forth herein, and the Amended Petition (Doc. No. 18) is DENIED.

## I.    Background

### a.  State Court Proceedings

In September 2014, a Cuyahoga County grand jury indicted Medina on two counts of aggravated murder with two firearm specifications and a sexually violent predator specification, one count of aggravated burglary with firearm specifications, one count of kidnapping with firearm specifications, one count of murder with firearm specifications, two counts of felonious assault with firearm specifications, one count of domestic violence, three counts of endangering children, and one

count of tampering with evidence.  (Doc. No. 9-2 at 1-8.)  Medina, through counsel, initially plead not guilty on all counts.  (*Id.* at 14.)

Subsequently, Medina withdrew his original plea of not guilty and entered a plea of guilty to one count of aggravated murder with a three-year firearm specification and three counts of endangering children.  (*Id.* at 16, 50-51, 60-61.)  The remaining counts were dismissed.  (*Id.* at 16, 61.)  On December 17, 2014, the trial court accepted the jointly recommended sentence contained in Medina's plea agreement and ordered Medina to serve an aggregate sentence of thirty-three years to life.  (*Id.* at 16, 52, 71-72.)

On August 10, 2016, more than a year and a half later, Medina, *pro se*, filed a notice of appeal and a motion for leave to file a delayed appeal in the Court of Appeals for the Eighth District of Ohio.  (*Id.* at 18-28.)  In support of his motion for leave to file a delayed appeal, Medina asserted that neither the trial court nor his counsel informed him of his right to appeal or the right to counsel for that appeal, and that he was unaware that he had a right to appeal.  (*Id.* at 27-28.)  On September 7, 2016, the court of appeals denied Medina's motion for leave to file a delayed appeal and dismissed his appeal.  (*Id.* at 29-30.)

Medina received notice of the court of appeals' decision by postcard on September 14, 2016.  (*Id.* at 36.)  On September 26, 2016, because the postcard notification was insufficient to file an appeal to the Supreme Court of Ohio—a date-stamped copy of the court of appeals' judgment entry is required—Medina wrote to the Cuyahoga County Clerk of Courts to request a copy of the judgment entry from his case.  (*Id.* at 36, 38.)  The Clerk of Courts responded to Medina's request, but provided the wrong entry from the court of appeals.  (*Id.* at 36.)  However, Medina mistakenly believed that

he had received the correct entry needed for his appeal.  (*Id.*)  Medina does not state when he received this initial response from the Clerk of Courts.

The timing of the next sequence of events also is somewhat unclear.  Medina asserts that he then attempted to appeal to the Ohio Supreme Court in October 2016 and November 2016, but that both appeals were rejected due to the lack of a proper judgment entry.  (Doc. No. 40 at 16.)  However, there is nothing in the record that shows why his October 2016 appeal was not accepted.  Instead, the only evidence of Medina's attempt to appeal in October 2016 are the numerous date stamps on the notice of appeal that was eventually accepted and filed by the Ohio Supreme Court.  (Doc. No. 9-2 at 31.)  One of the date stamps shows the notice of appeal was received on October 26, 2016, which was two days after the deadline for a timely appeal.  (*Id.*; Doc. No. 40 at 15.)

After his October 2016 appeal was rejected, it appears that Medina then filed another notice of appeal and a motion for leave to file a delayed appeal that the Ohio Supreme Court received on November 28, 2016.  (*See* Doc. No. 9-2 at 31, 33.)  In response to this attempt to appeal, in a letter dated November 29, 2016, the Ohio Supreme Court's clerk's office informed Medina that his submission was not filed because it was missing the correct judgment entry.  (*Id.* at 36, 39.)

On December 7, 2016, Medina then wrote to the Cuyahoga County Clerk of Courts for the second time to request a copy of the court of appeals' judgment entry in his case.  (*Id.* at 36, 40.)  Still, the Clerk of Courts did not provide the appropriate entry, and Medina had to submit two more requests before eventually receiving the correct entry on February 20, 2017.  (*Id.* at 36-37, 42-43.)

Subsequently, Medina filed another notice of appeal and motion for leave to file a delayed appeal, which was received and filed in the Supreme Court of Ohio on March 27, 2017.  (*Id.* at 31, 33.)  Therein, Medina asserted the following proposition of law:

3

Is a defendant's right to due process, equal protection and the right to effective assistance of counsel violated when he is denied a delayed direct appeal when the trial court and his counsel failed to inform him of his right to appeal?

(*Id.* at 44.)  In addition, in support of his motion for leave to file a delayed appeal, Medina submitted an affidavit explaining the circumstances described above and attached as exhibits evidence of his multiple requests to the Clerk of Courts for the appropriate judgment entry needed for his appeal.  (*Id.* at 33-43.)  On May 17, 2017, the Supreme Court of Ohio denied Medina's motion for leave to file a delayed appeal and dismissed his appeal.  (*Id.* at 46.)

### b.  Federal Habeas Petition

On September 7, 2017, Medina filed a *pro se* Petition for Writ of Habeas Corpus in this Court, raising one ground for relief:

Petitioner was denied Due Process of Law as provided under the U.S. Constitution when he was not informed of his right to an appeal of his conviction, nor the right to counsel on that appeal, by his trial counsel or the trial court.

(Doc. No. 1 at 4.)  Respondent Warden Charmaine Bracy ("Respondent") filed an Answer/Return of Writ on December 20, 2017.  (Doc. No. 9.)  In response, Medina filed a Motion for Leave to Amend his Petition.  (Doc. No. 12.)  On May 15, 2018, the Magistrate Judge granted Medina's request, and, on May 24, 2018, Petitioner filed his Amended Petition.  (Doc. Nos. 15, 18.)  The Amended Petition still only set forth one ground for relief, but provided additional bases and explanation for Medina's claims:

**Ground One:**  Petitioner was denied Due Process of Law, Equal Protection under the law, and the effective assistance of counsel in violation of the U.S. Constitution when he was effectively denied his right to an appeal.

**Supporting Facts:**  Petitioner was denied Due Process of law when he was not informed of his right to an appeal of his conviction, nor the right to counsel on that appeal, by the trial court.  Petitioner was also denied the effective assistance of counsel when his trial counsel failed to apprise him of his right to an appeal and counsel for

the same.  Equal protection was denied Petitioner as he was not afforded the rights extended to other similarly situated defendants.

(Doc. No. 18 at 4.)

On October 31, 2018, the Magistrate Judge then issued a Report & Recommendation, which recommended denying the Amended Petition. (Doc. No. 19.)  Medina objected to the Report & Recommendation on the basis that he was denied the opportunity to reply to the arguments set forth in Respondent's Return of Writ.  (Doc. No. 28 at 2-3.)  Medina pointed out that after he filed his Amended Petition, the Magistrate Judge did not issue any orders regarding the filing of an amended return of writ or the time in which Medina had to file a traverse.  (*Id.* at 2.)  Agreeing with Medina, the Court recommitted the matter to the Magistrate Judge for reconsideration to provide Petitioner the opportunity to file a traverse.  (Doc. No. 29.)

Subsequently, on June 9, 2020, Respondent filed an Amended Answer/Return of Writ.  (Doc. No. 30.)  On September 4, 2020, Medina filed a Traverse/Reply to Respondent's Answer/Return of Writ.  (Doc. No. 34.)  Respondent then filed a Reply to Petitioner's Traverse on September 9, 2020, to which Medina replied on September 25, 2020.  (Doc. Nos. 35, 36.)

On October 22, 2020, the Magistrate Judge issued a Report & Recommendation again recommending that the Amended Petition be denied.  (Doc. No. 37.)  The Magistrate Judge concluded that Medina's claims were procedurally defaulted.  (*Id.*)  After receiving two extensions of time, Medina filed Objections to the Report & Recommendation on January 21, 2021.  (Doc. No. 40.)

**II.  Standard of Review**

Parties must file any objections to a report and recommendation within fourteen days of service.  Fed. R. Civ. P. 72(b)(2).  Failure to object within this time waives a party's right to appeal

the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006) (quoting *Walters*, 638 F.2d at 949-50). An objection "that merely restates the arguments previously presented" or "does nothing more than state a disagreement with a magistrate's recommendation" is not sufficient. *Id.*

When a party fails to raise a specific objection to a finding of a magistrate judge on a dispositive matter, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b)(3), Advisory Committee Notes; *see also Thomas*, 474 U.S. at 150 (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

## III.    Analysis

As noted above, Medina's Amended Petition contains a single ground for relief in which he asserts that his due process and equal protection rights and his right to the effective assistance of

counsel were violated when he was effectively denied his right to appeal when the trial court and his counsel failed to inform him of his right to an appeal and his right to counsel on that appeal.  (Doc. No. 18 at 4.)

The Magistrate Judge recommended that Medina's Amended Petition be dismissed as procedurally defaulted.  (Doc. No. 37.)  The Magistrate Judge concluded that to the extent that Medina's claims for relief require proof from outside of the trial court record, the proper avenue for raising such challenges in state court would have been a post-conviction petition, but Medina failed to file a post-conviction petition and the deadline to do so has passed.  (*Id.* at 5-6.)  As a result, the Magistrate Judge determined such claims would be procedurally defaulted.  (*Id.*)[1]  To the extent that Medina's claims are based on the trial court record such that they could be addressed on direct appeal, the Magistrate Judge found that Medina could not establish cause or prejudice to excuse the untimely filing of his appeal to the Ohio court of appeals.  (*Id.* at 6-8.)  Specifically, the Magistrate Judge concluded Medina could not show cause for his late appeal because Medina was sentenced pursuant to the recommended sentence in his plea agreement, meaning that neither the trial court nor his counsel were required to inform Medina of his appellate rights.  (*Id.* at 7-8.)  The Magistrate Judge also held that Medina could not establish prejudice because even if the Ohio court of appeals had addressed his claim, it would not have provided the relief Medina sought.  (*Id.* at 8.)  In his Objections, Medina asserts he has established both cause and prejudice to excuse the late filing of his direct appeal to the Ohio court of appeals.  (Doc. No. 40 at 2-13.)  Although not a basis for the Magistrate Judge's recommendation, Medina also reiterates that he has shown both cause and prejudice with respect to

---

[1] Medina has not objected to this portion of the Report & Recommendation.

his untimely appeal to the Ohio Supreme Court as well.  (*Id.* at 13-18.)  Upon review, the Court concludes that Medina's claims are procedurally defaulted, although for different reasons than those stated by the Magistrate Judge.

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).  "The procedural default rule is related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition."  *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013); *see* 28 U.S.C. § 2254(b), (c).  "A claim may become procedurally defaulted in two ways."  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

As relevant here, "a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court."  *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  "If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806.  As articulated by the Sixth Circuit, "[u]nder the independent and adequate state ground doctrine, a federal habeas claim is procedurally defaulted when: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default."  *Lovins*, 712 F.3d at 296 (quoting *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc)).

8

In this case, Medina's claims are procedurally defaulted for two reasons.  First, Medina failed to file a timely appeal of his sentence to the Ohio court of appeals.  Ohio Appellate Rule 4(A) requires a notice of appeal to be filed within thirty days of the entry of the judgment or order appealed.  Under Ohio Appellate Rule 5(A), Ohio appellate courts have discretion to permit a delayed appeal, but are not required to do so.  *Brooks v. Morgan*, No. 1:14–CV–01286, 2014 WL 6389504, at *4 (N.D. Ohio Nov. 14, 2014).  "The denial of a Motion for Leave to File a Delayed Appeal under Rule 5(A) is an adequate and independent state ground precluding habeas consideration of the claims."  *Id.* (citing *Stone v. Moore*, 644 F.3d 342, 347-49 (6th Cir. 2011)); *accord Garber v. Warden*, No. 1:12 CV 1081, 2012 U.S. Dist. LEXIS 140725, at *1-2 (N.D. Ohio Sept. 28, 2012).

Here, Medina failed to file an appeal within the thirty-day period prescribed by Ohio Appellate Rule 4(A).  Instead, Medina did not file a notice of appeal and motion for leave to file a delayed appeal until over a year and half after his sentencing.  (Doc. No. 9-2 at 18-28.)  The Ohio court of appeals then denied Medina's motion for leave to file a delayed appeal and dismissed his appeal.  (*Id.* at 29-30.)  Thus, Medina has procedurally defaulted his claims.

Medina does not dispute that his claims are procedurally defaulted in this manner, but asserts that he can establish cause and prejudice to excuse his default.  (*See* Doc. No. 40 at 2-13.)  A petitioner may avoid procedural default "by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case."  *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000).  To establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him."  *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).  "Prejudice, for purposes of procedural default analysis, requires a showing that the default of the claim not merely created a

9

possibility of prejudice to the defendant, but that it worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002). It is the petitioner's burden to show both cause and prejudice to overcome procedural default. *Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012).

Medina asserts that the failure of the trial court and his counsel to inform him of his appellate rights establishes cause for the delayed filing of his appeal. (Doc. No. 40 at 8-13.) A petitioner can demonstrate cause for the untimely filing of an appeal by showing that the petitioner was not advised of the right to appeal by either the trial court or counsel. *E.g.*, *Thompson v. Wilson*, 523 F. Supp. 2d 626, 631 (N.D. Ohio 2007) ("[P]etitioner has demonstrated cause for his failure to file a timely appeal in that neither the trial court nor trial counsel informed or advised petitioner of his right to appeal."). However, no cause exists if the petitioner delays the filing of his or her appeal after learning of the right to appeal. *See Feely v. Warden, Chillicothe Corr. Inst.*, No. 2:16-cv-619, 2018 WL 1905644, at *1 n.2 (S.D. Ohio Apr. 23, 2018) ("[T]hat he did not find out until December 2014 that he could appeal is not cause for waiting until March 2015 to file the appeal."); *Whitson v. Clipper*, No. 1:14cv2718, 2015 WL 3905104, at *3 (N.D. Ohio June 25, 2015) (holding petitioner had not established cause for his procedural default when he delayed another seven months after learning of his right to appeal before moving for a delayed appeal under Ohio Appellate Rule 5(A)).

In the instant matter, Medina did not move for a delayed appeal until over a year and half after his sentencing. And while Medina asserts that he was unaware of his appellate rights because he was not informed of them by the trial court or his counsel, he has not provided any information regarding when he discovered that he did, in fact, have the right to appeal his conviction. Without such information, Medina has not established that he did not delay and instead promptly moved to file an

10

appeal after discovering that he had the right to do so.  The bare assertion that he was previously unaware of his appellate rights without additional information as to when he became aware of them is insufficient to establish cause for the extensive period of time after his conviction in which he failed to file an appeal.  Therefore, Medina has not satisfied his burden to demonstrate cause for his procedural default before the Ohio court of appeals, and his claims may be dismissed on this basis alone.

Moreover, Medina's claims are procedurally defaulted for a second reason—his late appeal to the Supreme Court of Ohio.  A party has forty-five days after judgment is entered to seek a timely direct appeal in the Ohio Supreme Court.  S. Ct. Prac. R. 7.01(A)(1).  In addition, "the Ohio Supreme Court's summary dismissal of a 'motion for a leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review' of a habeas corpus petition."  *Hayward v. Warden, Grafton Corr. Inst.*, No. 2:19–cv–1313, 2019 WL 2058628, at *7 (S.D. Ohio May 9, 2019), *report and recommendation adopted*, 2019 WL 2289578 (S.D. Ohio May 29, 2019) (quoting *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)).  Here, Medina failed to file a proper appeal within forty-five days of the Ohio court of appeals' judgment, and the Ohio Supreme Court denied his motion for leave to file a delayed appeal.  (Doc. No. 9-2 at 46.)  Accordingly, Medina's claims also are procedurally defaulted on this basis.[2]

---

[2] Medina argues that his appeal should not be considered untimely under Ohio law because the time for his appeal did not start to run until he received the proper judgment entry.  (Doc. No. 40 at 16-17.)  However, the authority he cites does not address Ohio Supreme Court Practice Rule 7.01(A), which provides only that "the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed."  Further, federal habeas courts generally should not reexamine state court's state law procedural rulings.  *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

However, Medina asserts that he can establish cause and prejudice to overcome the default. (*See* Doc. No. 40 at 13-18.)  In support of this assertion, Medina argues that the Clerk of Courts' failure to provide him with the proper judgment entry necessary to the filing of his appeal despite multiple requests constitutes cause for his late appeal.  (*Id.* at 14-16.)

However, other than his unsupported assertion, Medina has failed to present any evidence to show that his first attempt to appeal to the Ohio Supreme Court in October 2016 was rejected due to the lack of a proper judgment entry.  (*See id.* at 16.)  To the contrary, it appears unlikely this was the reason.  To illustrate, Medina sent his first letter to the Clerk of Courts requesting the judgment entry in his case from the court of appeals on September 26, 2016.  (Doc. No. 9-2 at 38.)  Medina then filed an appeal to the Ohio Supreme Court in October 2016, which was rejected.  (*See id.* at 31.) Subsequently, Medina filed another notice of appeal and a motion for leave to file a delayed appeal in November 2016 that still contained an incorrect judgment entry.  (*See* Doc. No. 9-2 at 31, 33, 39.) In a letter dated November 29, 2016, the Supreme Court then informed him that his appeal had not been filed because it was missing the correct judgment entry.  (*Id.* at 39.)  It was only after receipt of this letter that Medina wrote to the Clerk of Courts a second time to request the correct judgment entry from his case.  (*Id.* at 40.)  If Medina's October 2016 appeal had been rejected due to the lack of a proper judgment entry, it is unclear why he would not have sent another request to the Clerk of Courts at that point instead of submitting another appeal the next month that still had an incorrect judgment entry.

Without any evidence showing why Medina's October 2016 appeal was not accepted, the Court cannot assume that the appeal was rejected based on a reason that was external to Medina and that cannot be fairly attributed to him such that there is cause for his later untimely filings in

November 2016 and March 2017.  Indeed, if his appeal was rejected for reasons other than the lack of a proper judgment entry, Medina could not show that the Clerk of Courts' actions were responsible for his default.  *See Hendricks v. Bunting*, No. 5:13 CV 410, 2015 WL 13730929, at *7 (N.D. Ohio Dec. 30, 2015) ("Therefore, even if Petitioner is correct in asserting that he did not receive his judgment entry timely; it does not excuse his failure to comply with App.R. 26(B) which was the reason his application was denied. . . . This failure is entirely attributable to Petitioner and, thus, cannot be the basis for excusal of procedural default."), *report and recommendation adopted*, 2016 WL 212567 (N.D. Ohio Jan. 19, 2016).  Consequently, Medina also has failed to satisfy his burden to establish cause for his late appeal to the Ohio Supreme Court, and his claims are barred by procedural default for this additional reason.[3]

Thus, the Court agrees with the Magistrate Judge's conclusion that Medina's claims are procedurally defaulted, although the Court reaches that conclusion based on different reasoning.

**IV.    Conclusion**

For the reasons set forth above, Medina's Objections (Doc. No. 40) are OVERRULED.  The Magistrate Judge's Report & Recommendation (Doc. No. 37) is ADOPTED IN PART and MODIFIED as discussed above, and the Amended Petition (Doc. No. 18) is DENIED.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[3] The Court notes that Medina also has not demonstrated actual innocence to excuse his procedural default.  *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

**IT IS SO ORDERED.**


                                        *s/Pamela A. Barker*

                                        PAMELA A. BARKER

Date:  March 11, 2021           U. S. DISTRICT JUDGE

14